## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RONENA SHANTEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF CORRECTIONS, SHAKOPEE WOMEN'S FACILITY,[1]<br><br>Defendants. | Case No. 17-cv-1169 (PAM/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Plaintiff Ronena Walker's application to proceed without prepayment of fees. District Judge Magnuson concluded that Walker has "no assets and no means" under 28 U.S.C. § 1915(b)(4) with which to pay an initial partial filing fee. ECF No. 13. The case is therefore before the Court for screening to determine if she has stated a claim. ECF No. 13; 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A. For the reasons outlined below, the Court finds that Walker has failed to state a claim against the Minnesota defendants and that this Court lacks personal jurisdiction over the Colorado defendants.

### I.    Background

Walker's allegations have evolved over the course of the back-and-forth regarding the filing fee. In her first complaint ("First Complaint") filed on April 17, 2017, she named only

---

[1] These are the only two defendants Walker named in her first complaint filed on April 17, 2017. On September 22, 2017, Walker filed a second complaint in which she names the Minnesota Department of Corrections, Shakopee Women's Facility Warden, c/o Taylor Lucas, c/o Thia Land. ECF No. 9-1 at 1. She lists additional defendants in the text of that complaint including Denver Women's Correctional Facility and the "Branch in Which they Represent, a correctional officer, a sgt. & Both Wardens in Minnesota & Denver, CO." This list is unclear but it appears the only additional defendant in this list is the warden at the Colorado facility.

Shakopee Women's facility and the Minnesota Department of Corrections as defendants.  ECF No. 1.  She indicated that she was sexually assaulted by another inmate in 2015 at the Denver facility where she is currently housed but that the Minnesota prison system is liable because she was transferred to Denver "under false pretense on 6-6-12."  ECF No 1 at 4.

On June 19, 2017, Walker filed a "Request to be moved back to Minnesota" because she is being threatened by friends of her assailant.  ECF No. 5.  She again alleged that "Minnesota is liable because they sent" her to the Denver facility where she was assaulted.  ECF No. 5.  In this document, she alleges that she "was placed in the Interstate compact program 6-6-12 bogusly by stating that [she] had numerous fights with inmates and assaults on staff, and 250 disciplinary cases in the 6 years [she] was there, this is false."  ECF No. 5.

Then, on September 22, 2017, Walker filed a second complaint (the "Amended Complaint") in which she names two particular employees, c/o Taylor Lucas and c/o Thia Land, who appear to be guards at the Denver facility.  ECF No. 9-1 at 5-12.  She alleges these employees failed to protect her after she was attacked by another inmate.  ECF No. 9-1 at 10.  In this complaint, Walker names a number of other defendants (ECF No. 9-1 at 10) -- some of whom she has named before and some of whom she has not -- against whom she does not make any specific allegations including the Minnesota Department of Corrections, the Shakopee Women's Facility and the warden of that facility, and the Denver Women's Correctional Facility and the warden of that facility.[2]  Because she is pro se, the Court interprets the Amended Complaint as the operative complaint in her case but has reviewed the allegations in all three documents to determine if she has stated a claim.

---

[2] After the names of the guards, she writes "the branch in which they represent, a correctional officer, a sgt." ECF No. 9-1 at 10.  It is unclear whether these are additional defendants.

In her Amended Complaint, Walker indicates that she previously filed a case in the District of Colorado.  ECF No. 9-1 at 8.  The Court has reviewed that case and it involves the same defendants[3] and claims as this one.  *See Walker v. Lucas et al*, 15-cv-1790 (LTB) (D. Col. 2015), ECF No. 1 (complaint).  That case was dismissed with prejudice as legally frivolous on November 23, 2015 by Judge Lewis Babcock of the United States District Court for the District of Colorado.

## II.    Discussion

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  In the context of a § 1983 complaint for alleged violations of a plaintiff's constitutional rights "vicarious liability is inapplicable."  *Iqbal*, 556 U.S. at 676.  A plaintiff must therefore describe

---

[3] The second defendant in that case, T. Healen, appears to be the same as the defendant Thia Land in this case.  Walker also named the Colorado Department of Corrections in that case but not in her case in this Court.

each individual defendant's personal involvement in the alleged wrongdoing.  *See Iqbal*, 556 U.S. at 676.

A.  Minnesota Defendants

Walker makes no factual allegations against the Minnesota Department of Corrections or the Shakopee Women's Facility or its warden in either of her complaints.  In Walker's first complaint, she alleges in very general terms that the Minnesota prison system is liable because she was transferred to Denver "under false pretense on 6-6-12."  ECF No 1 at 4.  In her document entitled "Request to be Moved Back to Minnesota", she states that "Minnesota is liable for they sent me [to the Colorado facility]."  ECF No. 5.  These allegations are insufficient for the Court to "plausibly infer" that the Minnesota defendants did anything illegal. Walker fails to make any particular allegations against the warden of the Shakopee facility and, in any event, "any liability on the part of the Warden would be based on the doctrine of respondeat superior which is inapplicable to actions brought under §1983."  *Sanders v. U.S.*, 760 F.2d 869, 872 (8th Cir. 1985) (citations omitted); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").[4]

---

[4] Additionally, the Minnesota Department of Corrections, as an agency of the state, is immune from suit for money damages.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988).  Like her defendants, Walker's request for relief has shifted over the course of the proceedings.  In her First Complaint, she sought "to be put back in Shakopee Women's Correctional facility", "an early parole due to mental health needs", "$20,000,000" and "an out of state parole to Chicago, Illinois."  ECF No. 1 at 5.  In her "Request to be moved Back to Minnesota", she sought "transfer back to Shakopee Women's correctional Facility General Population."  ECF No. 5 at 1.  Finally, in her Amended Complaint, she appears to request money damages only.  ECF No. 9-1 at 11.  The Court notes but does not rely on immunity as the basis for dismissal because of the shifting requests for relief and defendants.

In any event, the substance of Walker's claim against the Minnesota defendants fails as well.  To succeed on an Eighth Amendment failure–to-protect claim, a plaintiff must show that the defendant was aware of the harm and indifferent to it.  *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (to prove failure to protect from a fellow inmate, plaintiff must show deprivation of rights was sufficiently serious and prison official actually knew of the risk and failed to respond).  As Judge Babcock noted in Walker's Colorado case based on these same events, "negligent failure to protect inmates from assaults by other inmates in not actionable under the Eighth Amendment."  *Walker v. Lucas et al*, 15-cv-1790 (LTB) (D. Col. 2015), ECF No. 11 at 5 (citing *Famer v. Brennan*, 511 U.S. 825 (1994)).

None of Walker's pleadings make any allegations that any of the Minnesota defendants had reason to know what would happen to Walker in Colorado.  Although she alleges that she should not have been transferred based on her disciplinary record (ECF No. 5), this allegation does not allow the Court to "plausibly infer" that the Minnesota defendants "actually knew of the substantial risk" she would encounter in Denver.  Likewise, Walker's allegation that she "should've been brought back to Shakopee Women's Correctional facility after the 1st assault" is insufficient for the Court to infer that the Shakopee facility (or anyone at the facility) or the Minnesota Department of Corrections knew of the alleged assault at the Denver facility before or after it occurred.  ECF No. 1 at 4.

The Court therefore finds that Walker has failed to state a claim against any of the Minnesota defendants.

B.  The Colorado Defendants

Walker's First Complaint only identified Minnesota defendants.  In the Amended Complaint, however, Walker names two particular employees who appear to be guards at the

Denver facility where she is currently housed and where the events at issue occurred. She alleges they failed to protect her after she was attacked by another inmate. ECF No. 9-1 at 10. All the events involving these defendants appear to have occurred at the facility in Colorado. It therefore appears on the face of the complaint that Walker's remaining claims are against only Colorado defendants and are based on acts or omissions that allegedly occurred in the State of Colorado. It is therefore necessary to consider whether there is any proper basis for exercising personal jurisdiction over the Colorado defendants in the District of Minnesota.

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant. *Northrup King v. Compania Productora Semillas*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state's "long-arm statute." *Id*. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." *Id*. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." *Id*. "Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must demonstrate that the non-resident defendant has had sufficient "minimum contacts" with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" *Northrup King*, 51 F.3d at 1387 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)).

Walker's complaint fails to allege that the Colorado defendants committed any act in Minnesota. As noted above, there is nothing in the complaint to suggest that there has been any

contact or connection between any of the Colorado defendants and the State of Minnesota.  The only claim upon which Walker seems to rely for personal jurisdiction is her transfer from Minnesota to Colorado, but she does not allege that the Colorado defendants themselves transported her or that her cause of action arose from the transfer.  *See Sanders v. United States*, 760 F.2d 869, 871-72 (8th Cir. 1985) (*per curiam*) (rejecting transfer as basis for personal jurisdiction because the "defendants themselves did not transport the plaintiff").  Thus, the Court finds that there is no proper basis for exercising personal jurisdiction over any of the Colorado defendants in the District of Minnesota.

When an IFP applicant files a complaint that does not include any allegations supporting personal jurisdiction over the named defendants, the case can be dismissed *sua sponte*.  *Sanders v. United States*, 760 F.2d 869, 871-72 (8th Cir. 1985) (*per curiam*).  In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.  Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed."  The Eighth Circuit has "directed transfer when a plaintiff in good faith filed in the wrong court and the statute of limitation would have run before he could refile properly."  *Gunn v. United States Dep't of Agriculture*, 118 F.3d 1233, 1240 (8th Cir. 1997) (citing *In re Apex Oil Co.*, 884 F.2d 343, 346 (8th Cir. 1989); *Hempstead County and Nevada County Project v. United States E.P.A.*, 700 F.2d 459, 463 (8th Cir. 1983)).

Here, the Court declines to transfer the case because Walker already filed an almost identical case in the District of Colorado that was dismissed with prejudice.[5]  *Walker v. Lucas et*

---

[5] Walker has alleged that the transfer from Minnesota to Denver occurred in 2012 (ECF No. 5) and that the alleged assaults occurred in 2015 (ECF No. 9-1 at 10).  The statute of limitations

*al*, 15-cv-1790 (LTB) (D. Col. 2015). *See also Teufel v. Dept. of the Army*, 625 Fed.Appx. 874, 876 (10th Cir. 2015) (in determining whether to transfer, court considered "whether the claims alleged are likely to have merit, and whether the claims were filed in good faith" in addition to timeliness); *Milliman v. Driver License Compact*, 2016 WL 4974946, *4 (D. Minn. 2016) (statute of limitations had long-since expired so transfer was futile). In 2015, Walker filed a case in the Federal District Court for the District of Colorado against both the Minnesota and Colorado defendants based on these same events. *See Walker*, 15-cv-1790, ECF No. 1 (complaint). That case was dismissed with prejudice on screening as legally frivolous. *See Walker*, 15-cv-1790, ECF No. 11 (order dismissing case). The Colorado District Court concluded that Walker "failed to allege sufficient facts" to support a claim that "the Defendants were deliberately indifferent to a substantial risk of serious harm to her." *Walker*, 15-cv-1790, ECF No. 11 at 5. The Colorado District Court concluded that Walker's "allegations fail[ed] to support an inference that Defendants subjectively knew of a substantial risk to Ms. Walker from the other inmate and consciously disregarded such risk." *Walker*, 15-cv-1790, ECF No. 11 at 6. Despite the Colorado Court's thorough analysis of her claims, Walker appears to have brought the same claims for this Court to review. The Court therefore declines to transfer the case and instead recommends dismissal for lack of personal jurisdiction over the Colorado defendants.

In summary, the Court recommends dismissal without prejudice of Walker's claims against the Minnesota defendants (Minnesota Department of Corrections, Shakopee Women's

---

period for a § 1983 claim in Colorado is the two-year period provided for personal injury claims in Colorado. *See Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994). Walker filed this case about two years after the 2015 events allegedly occurred so the Court would likely transfer the case if her claims had not already been heard in Colorado. Walker's case appears to be barred by the doctrine of *res judicata*, which bars a claim that resulted in a final judgment on the merits; was based on proper jurisdiction; and involved the same parties and claims. *Cardona v. Holder*, 754 F.3d 528 (8th Cir. 2014).

Facility and warden) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

dismissal without prejudice against the Colorado defendants (Taylor Lucas, Thia Land, the

Denver Women's Correctional Facility and warden) for lack of personal jurisdiction.  It is further

recommended that Walker's pending "Request to be Moved Back to Minnesota" be denied as

moot.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.  This action be DISMISSED without prejudice;

2.  Plaintiff Walker's pending "Request to be Moved Back to Minnesota A.S.A.P" [ECF No.

    5] be DENIED as moot.

Dated: January 23, 2018                     __s/*Franklin L. Noel* _____
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).